PEREA, PLAINTIFF AND APPELLANT, *v.* GÓMEZ HERMANOS, DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1067.—Decided June 22, 1914.

LIBEL—ALLEGATIONS—MALICE—EXCEPTION.—In an action for damages for libel. the allegation of malice is indispensable unless the case comes within the exception specified in section 5 of the Libel Act of 1902, in which case malice is presumed; and the present case is not within the said exception.

ID.—PRESUMPTION OF MALICE.—According to section 5 of the Libel Act of 1902, malice is presumed when the libellous words are prejudicial to the plaintiff and are written without good cause.

ID.—ALLEGATIONS—INNUENDO.—In cases of libel not coming under section 5 of the Libel Act of 1902, it is advisable, if not indispensable, to allege the innuendo in the complaint—that is, the libellous signification which the complainant ascribes to the written words.

The facts are stated in the opinion.
*Mr. Leopoldo Felíu* for the appellant.
*Mr. José de Diego* for the respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Mayagüez in its opinion found that the complaint in this case, which was one for libel, was founded on two causes of action; that with respect to the first cause of action the complainant had failed to prove that the

publication issued by the defendants was done maliciously, and that with respect to the second cause of action there were not sufficient facts alleged to show such cause of action. The opinion and judgment of the court below were rendered after a trial and the complainant appealed, alleging many errors in the admission and exclusion of proof besides the error in the judgment itself. As we agree with the respondents that the complaint was utterly bad, we shall proceed to set it forth at length:

"Now comes the plaintiff and complains of the defendants and as a cause of action alleges:

### "FIRST CAUSE OF ACTION.

"1. That the plaintiff is and was on the dates to be stated hereafter, the mayor of the municipality and city of Mayagüez.

"2. That the defendants are a duly constituted industrial partnership and were such on the dates to be stated hereafter, engaged in publishing a newspaper belonging to them called 'La Voz de la Patria,' which has a general circulation in this district and in the Island.

"3. That on July 24, 1912, in the city of Mayagüez, P. R., the defendants published in the said newspaper the following words concerning and referring to this plaintiff tending to expose the plaintiff to the contempt of the public:

### " 'LATEST.

### " 'Resignation of Perea.

" 'As our daily is going to press rumors reach us that the Governor has asked for the resignation of Dr. Perea Fajardo as Mayor of Mayagüez.

" 'Further particulars to-morrow.'

"4. That the said news item was false and defamatory to this plaintiff and that he has suffered damages thereby in the sum of $5,000.

### "SECOND CAUSE OF ACTION.

"1. That the plaintiff is and was on the dates to be stated hereafter the mayor of the municipality and city of Mayagüez and the defendants a duly constituted industrial partnership which publishes

and did publish on said date a newspaper of general circulation in this district and in the Island called 'La Voz de la Patria.'

"2. That on July 25, 1912, in the city of Mayagüez, P. R., the defendants published an article in said newspaper under the caption 'The effect of a rumor,' tending to expose the plaintiff to the contempt of the people and to deprive him of the confidence of the public, the said article referring to this plaintiff and being in the following words:

" '* * * we do not want Dr. Perea to resign; his failure and incompetency will follow.'

"3. That the said article was false and defamatory of this plaintiff and that he has suffered thereby damages in the sum of $5,000.

"Therefore, the plaintiff prays the court to render judgment in his favor and against the defendants for the sum of $10,000, with costs, disbursements, expenses, interest and attorney's fees."

In discussing the first cause of action the respondents maintain that there is nothing libellous *per se* in asserting that news had reached the ears of the defendants that the Governor had asked for the resignation of Dr. Perea Fajardo as mayor of Mayagüez. The words charge no crime or malfeasance in office and are perfectly consistent with the entire uprightness, fidelity and capacity of the mayor. Hence, in order to constitute a cause of action it was not sufficient merely to allege that the words were false and defamatory. Other element or elements were necessary.

Section 2 of the Libel Law of 1902, among other things, defines libel as the malicious publication, etc. Hence, it is necessary in a complaint for libel to charge malice. No charge of malice is contained in the first count. A publication may be both false and defamatory without being malicious. Although under section 5 of the same act malice is presumed in certain cases, we think it better practice, if not an indispensable averment, to charge malice in the complaint.

Section 5 is as follows:

"Section 5.—Malice shall be presumed to exist in any injurious communication or writing made without justifiable motive and addressed to any person other than to a relative within the third

degree, or to a person whom the author has under his guardianship or when said communication passes between persons having business in partnership, or other similar association.''

Under this section it is evident that the only time when malice is presumed is when the communication is injurious and made without justifiable motive. Hence, even if the averment of malice could be dispensed with it was necessary for the complainant, at least in a communication not libellous *per se,* to allege that the communication was injurious and made without motive. The first count was bad.

Similar considerations apply to the second count. We agree with the court below that said count made no concrete charge against Dr. Perea Fajardo but expressed conclusions or opinions. The count is also defective in failing to charge malice, injury and unjustifiable motive.

Furthermore, we think a complaint for communications not libellous *per se* should say what was intended by the communication; in other words, to set forth what is technically known as innuendo. See opinion of this court in the case of *Fajardo* v. *Sabater,* 20 P. R. R., 37.

We also think, although such matter may be readily waived by the defendant at the trial, that a complainant should allege special damage.

As the complainant stated no cause of action, but went to trial without one, the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.